**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **RICHARD RAYES,** | ) | **CASE NO. 4:14CV3158** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **DIANE SABATKA-RINE, Warden,** | ) | |
| **NEBRASKA STATE PENITENTIARY,** | ) | |
| **MICHAEL KENNEY, Director, and** | ) | |
| **NEBRASKA DEPARTMENT OF** | ) | |
| **CORRECTIONAL SERVICES,** | ) | |
| | ) | |
| **Respondents.** | ) | |

Petitioner Richard Rayes ("Rayes" or "Petitioner") has filed a Petition for Writ of Habeas Corpus (Filing No. 1) and three Supplements (Filing Nos. 4, 9, and 13). The Court conducted an initial review of these pleadings to determine whether the claims made by Rayes are, when liberally construed, potentially cognizable in federal court. Also pending in this matter, and addressed by the Court below, are Rayes's Motion for the Appointment of Counsel (Filing No. 5), Motion for Bail (Filing No. 7), Motion for Production of Documents (Filing No. 8), and Motion for Hearing of Bond (Filing No. 12).

Condensed and summarized for clarity, the claims asserted by Rayes are:

Claim One: Petitioner's good-time credits were improperly forfeited because the director of the Nebraska Department of Correctional Services ("NDCS") did not personally approve the forfeiture of the good-time credits. (Filing No. 1 at ECF 1-3.)

Claim Two: Petitioner was convicted of arson in 1988 in violation of his due process rights under the Fourteenth Amendment because the

|  |  |
|---|---|
|  | prosecution refused to provide the defense with Petitioner's medical records. (Filing No. 1 at ECF 5-8, 11.) |
| Claim Three: | NDCS officials deprived Petitioner of earned good-time credits in violation of his due process rights under the Fourteenth Amendment. (Filing No. 9 at ECF 1-15.) |

Liberally construed, the Court preliminarily decides that Claim One is not cognizable in a federal habeas corpus action, Claim Two appears to be barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d), and Claim Three is cognizable in a federal habeas corpus action. The Court will discuss the claims in the paragraphs that follow.[1]

## I. DISCUSSION OF CLAIMS

### A. Claim One

Rayes argues in Claim One that his good-time credits were improperly forfeited because the director of the NDCS did not personally approve the forfeiture. Rayes argues the Nebraska Supreme Court's holding in *Martin v. Nebraska Department of Correctional Services*, 671 N.W.2d 613 (Neb. 2003), was incorrect because Nebraska statutory law requires the director to personally approve the forfeiture of good-time credits.[2]

---

[1] Rule 2(e) of the Rules Governing Section 2254 Cases provides: "A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Here, the judgments challenged in the habeas corpus petition and supplements appear to have all occurred in the District Court of Lancaster County, Nebraska. Thus, for the time being, the undersigned judge will consider all three of Petitioner's claims in the same action.

[2] The Nebraska Supreme Court held in *Martin* that the director of the NDCS and the chief executive officers of the prison at issue in the case "acted within their authority in delegating to subordinate officials the duty to approve the forfeiture of good time." 671 N.W.2d at 619.

> As set forth in 28 U.S.C. § 2254(a):
>
> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody *in violation of the Constitution or laws or treaties of the United States*.

28 U.S.C. § 2254(a) (emphasis added). Here, Rayes does not argue that he is in custody in violation of the Constitution or laws or treaties of the United States. Rather, he argues that a state court improperly applied state statutory law. Such a claim is not cognizable in an action for writ of habeas corpus and will be dismissed. The Court will dismiss the claim with prejudice because, in light of the Nebraska Supreme Court's decision in *Martin*, the claim is frivolous.

**B.     Claim Two**

Rayes seeks to challenge his 1988 convictions for arson. Rayes is incarcerated in the Nebraska State Penitentiary. Rayes was convicted of kidnapping in 1981 and began serving a 15 to 50 year sentence. *See State v. Rayes*, No. A-93-862, 1994 WL 259508 (Neb. Ct. App. June 14, 1994). While incarcerated at the Nebraska State Penitentiary, Rayes received "two, one year misdemeanor sentences" for arson. (Filing No. 1 at ECF 11.)

A district court may consider, sua sponte, the timeliness of a state prisoner's habeas corpus petition. *See Day v. McDonough*, 547 U.S. 198, 209 (2006). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

3

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the statute of limitations period is tolled while a state post-conviction or other collateral review is pending. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing § 2244(d)(2)).

In *Nichols v. Bowersox*, the Eighth Circuit Court of Appeals held that the time before the effective date of AEDPA (April 24, 1996), is not counted in computing the one-year period of limitation. 172 F.3d 1068, 1073 (8th Cir. 1999), *abrogated on other grounds by Riddle v. Kemna*, 523 F.3d 850, 856 (8th Cir. 2008). Prisoners whose judgments of conviction became final before the effective date of AEDPA are given a one-year period after that date, or until April 24, 1997, plus any additional period during which the statute is tolled. *Peterson v. Gammon*, 200 F.3d 1202, 1204 (8th Cir. 2000).

It appears from the face of Rayes's petition that his judgment of conviction became final before the effective date of AEDPA. Thus, absent equitable or statutory tolling, he had one year, or until April 24, 1997, to file for federal habeas corpus relief challenging his arson convictions. Rayes filed his habeas corpus petition in this Court on August 7, 2014.

Thus, absent sufficient tolling or an equitable exception, any claims related to Rayes's arson convictions or sentences are barred by the statute of limitations.

### 1. Statutory Tolling

As set forth above, section 2244(d)(2) tolls the statute of limitations during the pendency of "a properly filed application for State post-conviction or other collateral review." Here, Petitioner does not specify whether he filed for postconviction relief in the state district court. However, unless his postconviction action was pending in state court for more than 15 years, Petitioner cannot demonstrate the availability of statutory tolling.

### 2. Equitable Tolling

AEDPA's statute of limitations is subject to equitable tolling "in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (citations omitted). Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006) (internal quotation omitted). Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008) (internal quotation omitted). As such, "equitable tolling is an exceedingly narrow window of relief." *Id.* (internal quotation omitted).

Rayes does not argue in his petition that AEDPA's statute of limitations is subject to equitable tolling. However, on the Court's own motion, Plaintiff will be given an opportunity to show cause why this case should not be dismissed as barred by the

governing statute of limitations. He may discuss any pleas for equitable tolling in his response to the Court's order to show cause.

### 3. Actual Innocence

In *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), the Supreme Court held that a habeas corpus petitioner can overcome the expiration of AEDPA's statute of limitations by making a convincing showing of actual innocence. *See McQuiggin*, 133 S. Ct. 1928. The Supreme Court held that a petitioner attempting to show actual innocence is required to produce new evidence sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." 133 S.Ct. at 1982 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Actual innocence means factual innocence, not legal innocence or legal insufficiency. *Narcisse v Dahm*, 9 F.3d 38, 40 (8th Cir. 1993).

Rayes has produced no new evidence in support of a claim that he is actually innocent. However, on the Court's own motion, Rayes will be given an opportunity to show cause why Claim Two should not be dismissed as barred by the governing statute of limitations. He may produce new evidence in support of his actual-innocence claim in his response to the Court's order to show cause.

### C. Claim Three

Rayes argues in Claim Three that NDCS officials have deprived him of good-time credit guaranteed to him by the relevant NDCS policies and procedures. Claim Three is cognizable in a federal habeas corpus action as a federal due process claim. The court cautions Rayes that no determination has been made regarding the merits of the claim or

any defenses to it or whether there are procedural bars that will prevent Rayes from obtaining the relief sought.

## II. MOTION FOR APPOINTMENT OF COUNSEL

"There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted.) The court has carefully reviewed the record and finds that there is no need for the appointment of counsel at this time.

## III. MOTION FOR RECORDS

Rayes seeks an order compelling Respondents to produce all state court records relating to his claims. As set forth below, the Court will direct Respondents to file all state court records that are relevant to Claim Three. To the extent Rayes seeks production of records relating to Claims One or Two, his request is denied at this time.

## IV. MOTIONS FOR BAIL AND FOR HEARING ON BOND

Rayes's motions seeking release on bond are denied. Rayes has not persuaded this Court that there are "substantial questions" presented in his habeas corpus petition or

that "some circumstance makes his application 'exceptional and deserving of special treatment in the interests of justice.'" *Ryan v. Smith*, No. 14-11611, 2014 WL 1910254, at *2 (E.D. Mich. May 13, 2014) (quoting *Aronson v. May*, 85 S.Ct. 3, 5 (1964)).

IT IS ORDERED:

1. Claim One is not cognizable in an action for writ of habeas corpus. For the reasons discussed above, Claim One is dismissed with prejudice.

2. Claim Two may not proceed in this matter at this time. Rayes must show cause within 30 days why Claim Two should not be dismissed as barred by the governing statute of limitations. Rayes is warned that failure to respond to this Memorandum and Order within 30 days will result in dismissal of Claim Two without further notice. The Clerk's Office is directed to set a pro se case management deadline in this matter: **October 13, 2014**: Check for response from the petitioner regarding Claim Two.

3. Claim Three is potentially cognizable in federal court.

4. The Clerk of the Court is directed to mail copies of this Memorandum and Order, the Petition for Writ of Habeas Corpus (Filing No. 1), and the "Brief of Habeas Corpus" (Filing No. 9) to Respondents and the Nebraska Attorney General by regular first-class mail.

5. By **October 27, 2014**, Respondents shall file a motion for summary judgment or state court records in support of an answer as to Claim Three. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **October 27, 2014**: deadline for Respondents

to file state court records in support of answer or motion for summary judgment.

6. If Respondents elect to file a motion for summary judgment, the following procedures shall be followed by Respondents and Petitioner:

   A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

   B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

   C. Copies of the motion for summary judgment, the designation, including state court records, and Respondents' brief shall be served upon Petitioner *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the record which are cited in Respondents' brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

   D. No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the

        motion for summary judgment. **Petitioner shall submit no other documents unless directed to do so by the Court**.

    E.    No later than 30 days after the filing of Petitioner's brief, Respondents shall file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the motion is therefore fully submitted for decision.

    F.    If the motion for summary judgment is denied, Respondents shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. **Respondents are warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of Petitioner.**

7.    If Respondents elect to file an answer as to Claim Three, the following procedures shall be followed by Respondents and Petitioner:

    A.    By **October 27, 2014,** Respondents shall file <u>all</u> state court records that are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B.  No later than 30 days after the filing of the relevant state court records, Respondents shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the Rules Governing Section 2254 Cases in the United States District Courts.

C.  Copies of the answer, the designation, and Respondents' brief shall be served upon Petitioner at the time they are filed with the Court *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated record which are cited in Respondents' brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.  No later than 30 days following the filing of Respondents' brief, Petitioner shall file and serve a brief in response. **Petitioner shall**

       **submit no other documents unless directed to do so by the Court.**

    E.    No later than 30 days after the filing of Petitioner's brief, Respondents shall file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the Court by filing a notice stating that they will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

    F.    The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **November 27, 2014**: check for Respondents to file answer and separate brief.

8.    No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

9.    Petitioner's Motion for the Appointment of Counsel (Filing No. 5) is denied.

10.    Petitioner's Motion for Production of Documents (Filing No. 8) is granted in part and denied in part, as set forth above.

11.    Petitioner's Motion for Bail (Filing No. 7) and Motion for Hearing on Bond (Filing No. 12) are denied.

DATED this 11th day of September, 2014.

                    BY THE COURT:

                    s/Laurie Smith Camp
                    Chief United States District Judge