IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD RAYES, ) | CASE NO. 4:14CV3158 |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| DIANE SABATKA-RINE, Warden, ) | |
| NEBRASKA STATE PENITENTIARY, ) | |
| MICHAEL KENNEY, Director, and ) | |
| NEBRASKA DEPARTMENT OF ) | |
| CORRECTIONAL SERVICES, ) | |
| ) | |
| Respondents. ) | |

This matter is before the court on Petitioner's response (Filing No. 17) to the Court's initial review of the petition for writ of habeas corpus filed in this matter. Also pending are Petitioner's requests that the undersigned judge recuse herself, appoint counsel, and order prison officials to give him access to various legal resources (*see* Filing Nos. 15, 16, and 17).

## I. BACKGROUND

On September 11, 2014, the Court conducted an initial review of Petitioner's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254. The Court determined Petitioner had asserted the following claims in his petition and in a supplementary pleading:

Claim One: Petitioner's good-time credits were improperly forfeited because the director of the Nebraska Department of Correctional Services ("NDCS") did not personally approve the forfeiture of the good-time credits. (Filing No. 1 at ECF 1-3.)

Claim Two: Petitioner was convicted of arson in 1988 in violation of his due process rights under the Fourteenth Amendment because the prosecution refused to provide the defense with Petitioner's medical records. (Filing No. 1 at ECF 5-8, 11.)

      Claim Three:        NDCS officials deprived Petitioner of earned good-time credits in violation of his due process rights under the Fourteenth Amendment. (Filing No. 9 at ECF 1-15.)

(Filing No. 14 at CM/ECF 1-2.)

In the Court's initial review of the petition, the Court determined that Claim Three was potentially cognizable in a federal habeas corpus action. However, with respect to Claim One, the Court determined it was not cognizable in an action for writ of habeas corpus because Petitioner had only argued that a state court improperly applied state law. With respect to Claim Two, the Court ordered Petitioner to show cause why it should not be dismissed as barred by the governing statute of limitations. (Filing No. 14 at ECF 3-5.)

## II. RESPONSE TO ORDER ON INITIAL REVIEW

In Petitioner's response to the Court's initial review, Petitioner amended Claim One to assert a federal due process claim. In addition, with respect to Claim Two, Petitioner argued he is entitled to statutory and equitable tolling of the limitations period. (Filing No. 17 at ECF 2-3.) In light of these arguments, the Court finds that Claims One and Two are potentially cognizable in a federal habeas corpus action as federal due process claims.

## III. REQUEST FOR APPOINTMENT OF COUNSEL

Petitioner requests the appointment of counsel (*see* Filing Nos. 16 and 17). As already explained to Petitioner, "[t]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability

to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See e.g. Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted.) The Court has carefully reviewed the record and finds that there is no need for the appointment of counsel at this time.

### IV. REQUESTS FOR LEGAL MATERIALS

Petitioner asks this Court to order prison officials to provide him with all "boxes of papers taken from [him] and kept by Property Control . . . from the year 1984 to January 1st 2014." (Filing No. 17 at CM/ECF p. 12.) He also asks for the Court to order prison officials to provide him with access to carbon paper, additional time in the law library, and to allow him to purchase copies of federal statutory law.

Liberally construed, Petitioner argues prison officials are impeding his access to the law library and his legal materials. An inmate has a constitutionally protected right of meaningful access to the courts, *Bounds v. Smith*, 430 U.S. 817, 820-21 (1977), which includes reasonable access to a legal library. "To protect that right, prisons must provide inmates with some access to legal materials or to legal assistance so that inmates can prepare and pursue complaints, and with some ability to mail these complaints and related legal correspondence once prepared." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996) (citing *Lewis v. Casey*, 518 U.S. 343 (1996); *Bounds*, 430 U.S. at 824-28). To state such a claim, a prisoner must assert that he suffered an actual injury to pending or

contemplated legal claims; "[a]lleging theoretical inadequacies is insufficient." *Myers*, 101 F.3d at 544.

Were the court to find that Petitioner was unable to prosecute this action because of inadequate access to the law library and legal materials, the Court would consider application of the All Writs Act, 28 U.S.C. § 1651(a). "The All Writs Act empowers federal courts to issue 'all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.'" *U.S. v. Yielding*, 657 F.3d 722, 726 (8th Cir. 2011) (quoting 28 U.S.C. § 1651(a)). However, a review of the docket sheet shows that Petitioner has not been prejudiced by the alleged restricted access to the law library and legal materials. This year alone, Petitioner has filed numerous substantive requests for Court action in this Court. (*See* the docket sheet in this case; *see also* the docket sheet in Case No. 4:14CV3177.) In short, Petitioner has not demonstrated that his ability to litigate this action has been so impeded that he cannot effectively prosecute this case.

To the extent Petitioner's request for all "boxes of papers taken from [him] and kept by Property Control . . . from the year 1984 to January 1st 2014" could be construed as a discovery motion, it will be denied without prejudice to reassertion of a motion that complies with Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.[1]

---

[1] Rule 6 states, in relevant part: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. . . . A party requesting discovery *must provide reasons for the request . . . and must specify any requested documents*." Rules Governing § 2254 Cases, Rule 6 (emphasis added).

Accordingly,

    IT IS ORDERED:

1. The Court considers Petitioner's response at Filing Number 17 as supplemental to the Petition for Writ of Habeas Corpus (Filing No. 1).

2. The Clerk's office is directed to update the docket text at Filing Number 17 to reflect that the document is Petitioner's "Second Supplement to Petition for Writ of Habeas Corpus."

3. Claims One, Two, and Three, as they are summarized above, are potentially cognizable in federal court as federal due process claims.

4. The deadlines set forth in the court's Memorandum and Order dated September 11, 2014, remain unchanged except that they now apply to Claims One, Two, and Three. (*See* Filing No. 14.)

5. Petitioner's requests for the appointment of counsel (*see* Filing Nos. 16 and 17) are denied without prejudice.

6. Petitioner's request that the undersigned judge recuse herself and appoint Judge Urbom is denied.

7. Petitioner's requests for an order requiring prison officials to provide him with additional access to the law library and legal materials is denied.

DATED this 3rd day of October, 2014.

                         BY THE COURT:

                         s/Laurie Smith Camp
                         Chief United States District Judge