IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **RICHARD RAYES,** | ) | **4:14CV3158** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **DIANE SABATKA-RINE, et al.,** | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the Court on Respondents' Motion to Dismiss (Filing No. 21). Respondents argue Petitioner Richard Rayes's Petition for Writ of Habeas Corpus should be dismissed because it is a second or successive habeas corpus petition that has not been authorized by the Eighth Circuit Court of Appeals. For the reasons that follow, the Court will deny Respondents' motion.

### I. STANDARD OF REVIEW

The statutory prohibition against successive petitions by state prisoners is codified in 28 U.S.C. § 2244, which provides in relevant part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable

> factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b). In *Magwood v. Patterson*, 561 U.S. 320, 333 (2010), the United States Supreme Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Id.* at 333. In other words, the phrase "second or successive" applies to entire habeas petitions, and not to individual claims in those petitions.

## II. DISCUSSION

Respondents argue Petitioner's habeas corpus petition is successive "because [Petitioner's] prior petition for habeas relief was denied at *Rayes v. Hopkins*, 4:98cv3385." (Filing No. 21 at ECF 2.) Respondents do not discuss Petitioner's claims or explain why they are successive to those raised in Case Number 4:98CV3385. Rather, Respondents explain in a footnote that the records in Case Number 4:98CV3385 "are not available on-line and the records held by the Nebraska Attorney General's Office regarding [Petitioner's] convictions, appeals, and habeas petitions have long since been destroyed." (*Id.*)

The docket sheet in Case Number 4:98CV3385 reflects that the documents in the case are now available for viewing on CM/ECF. In Case Number 4:98CV3385, Petitioner challenged a judgment of conviction dated April 21, 1981, for kidnapping. (Case No. 4:98CV3385, Filing No. 1 at ECF 1.) In the habeas corpus petition at issue here, Petitioner challenges the loss of good-time credits and also a 1998 judgment of conviction for arson. (*See* Filing No. 18 at ECF 1-2, court's summary of Petitioner's claims.) Respondents'

Motion to Dismiss fails to set forth how these claims are successive to those raised in 4:98CV3385, and such a finding is not apparent from the records before the court. Accordingly,

IT IS ORDERED:

1. Respondents' Motion to Dismiss (Filing No. 21) is denied.

2. By **April 27, 2015**, Respondents must file a motion for summary judgment or state court records in support of an answer. The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **April 27, 2015**: deadline for Respondents to file state court records in support of answer or motion for summary judgment.

3. If Respondents elect to file a motion for summary judgment, the following procedures must be followed by Respondents and Petitioner:

   A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

   B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

   C. Copies of the motion for summary judgment, the designation, including state court records, and Respondents' brief must be served on Petitioner *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the record that are cited

        in Respondents' brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.    No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

E.    No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the motion is therefore fully submitted for decision.

F.    If the motion for summary judgment is denied, Respondents must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondents are warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4. If Respondents elect to file an answer, the following procedures must be followed by Respondents and Petitioner:

    A. By **April 27, 2015**, Respondents must file <u>all</u> state court records that are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

    B. No later than 30 days after the relevant state court records are filed, Respondents must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

    C. Copies of the answer, the designation, and Respondents' brief must be served on Petitioner at the time they are filed with the Court *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in

        Respondents' brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.    No later than 30 days after Respondents' brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the Court.

E.    No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the Court by filing a notice stating that they will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F.    The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **May 27, 2015**: check for Respondents' answer and separate brief.

5.    No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

DATED this 11th day of March, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge