IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD RAYES, | ) | 4:14CV3158 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DIANE SABATKA-RINE, NEBRASKA STATE PENITENTIARY, MICHAEL KENNEY, and NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, | ) ) ) ) ) | |
| | ) | |
| Respondents. | ) ) | |

This matter is before the Court on Petitioner Richard Rayes's ("Rayes") Petition for Writ of Habeas Corpus ("petition"). For the reasons that follow, the Court will dismiss the petition with prejudice and deny a certificate of appealability.

## I.  BACKGROUND

Rayes filed his petition (Filing No. 1) and a brief in support of his petition (Filing No. 9) on August 7, 2014. Liberally construed, Rayes asserted the following claims:

Claim One:  The warden at Rayes's place of incarceration approved the forfeiture of his good-time credits instead of the director or deputy director of the Nebraska Department of Correctional Services ("NDCS") in violation of Rayes's right to due process. (Filing No. 1 at ECF 1–3.)

Claim Two:  The State of Nebraska convicted Rayes of arson in violation of his right to due process because the prosecution refused to

provide Rayes with copies of his medical records. (Filing No. 1 at ECF 5–8, 11.)

Claim Three: NDCS officials deprived Rayes of earned good-time credits in violation of his right to due process. (Filing No. 9 at ECF 1–15.)

Respondents moved to dismiss Rayes's petition on October 14, 2014, on the grounds that the petition was second or successive to a habeas corpus petition filed in 1998. (Filing No. 21.) The Court denied Respondents' motion on March 11, 2015, because Rayes challenged a kidnapping conviction in the 1998 habeas corpus petition, not the loss of good-time credits or arson convictions complained of in this case. (Filing No. 27.)

Respondents filed an answer, brief, and the relevant state court records on March 17 and 18, 2015. (Filing Nos. 28, 29, and 30.) Rayes did not timely file a brief in response. (*See* Docket Sheet; *see also* Filing No. 27 (ordering Rayes to "file and serve a brief in response" "[n]o later than 30 days after Respondents' brief is filed").) Rather, on July 6, 2015, Rayes filed a "Motion for Summary Judgement [sic] of Habeas Corpus Motion." (Filing No. 31.) In this motion, Rayes argued the merits of his petition and also responded to Respondents' answer and brief. The Court will construe the motion as a brief in response to Respondents' answer and brief, and will consider the arguments set forth therein despite it being filed out of time.

## II. STANDARD OF REVIEW

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates. 28 U.S.C. § 2244(d)(1). Also relevant here is the law concerning the applicability of AEDPA to individuals whose convictions became final before its effective date. The AEDPA became effective on April 24, 1996. The time before its effective date is not counted in computing the one-year limitations period. *Nichols v. Bowersox*, 172 F.3d 1068, 1073 (8th Cir. 1999), *abrogated on other grounds by Riddle v. Kemna*, 523 F.3d 850, 856 (8th Cir. 2008). Prisoners whose judgments of conviction became final before the effective date of the AEDPA are given one-year after April 24, 1996, plus any additional period during which the statute is tolled. *Peterson v. Gammon*, 200 F.3d 1202, 1204 (8th Cir. 2000).

### B. Exhaustion Requirement

As set forth in 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
>     (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
>     (B)  (i)  there is an absence of available State corrective process; or
>
>            (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore present the substance of each federal constitutional claim to the state courts *before* seeking federal habeas corpus relief. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454–55 (8th Cir. 2005). "In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007) (internal citation and quotation marks omitted).

Where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the

default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

## III. DISCUSSION

### A. Claim One

Rayes argues he was denied due process of law when the warden at his place of incarceration approved the forfeiture of his good time credits instead of a NDCS director or deputy director. Rayes argues that Nebraska legislators did not intend to give the NDCS director the authority to delegate such a task to a prison's warden. Rayes's claim is procedurally defaulted and also meritless.

Rayes did not raise this argument in one complete round in Nebraska's state courts. Rayes raised a similar argument in the state district court in a "Petition/Motion for Declaratory Judgment Injunctive Relief," but he did not provide Nebraska's highest court with an opportunity to address the issue. (*See* Filing No. 28-3 at ECF 4 (reflecting no petition for further review filed in the Nebraska Supreme Court).) Accordingly, the claim is procedurally defaulted.

Even if the claim was not procedurally defaulted, the Court would find that Rayes is not entitled to relief. The Nebraska Supreme Court rejected the argument Rayes raises here in *Martin v. Dep't of Corr. Servs.*, 671 N.W.2d 613, 616–19 (Neb. 2003). Here, Rayes asks this Court to second-guess the Nebraska Supreme Court's interpretation of state law in *Martin*. The Nebraska Supreme Court is the final arbiter of Nebraska law. *Reeves v. Hopkins*, 76 F.3d 1424, 1427 (8th Cir. 1996). This Court cannot reexamine a state court's

conclusions on questions of state law in an action brought pursuant to 28 U.S.C. § 2254. For the foregoing reasons, Rayes is not entitled to relief on this claim.

**B.      Claim Two**

In Claim Two, Rayes challenges his arson convictions. Rayes pled guilty to two counts of third-degree arson in the District Court of Lancaster County, Nebraska ("state district court") on October 18, 1988. According to Rayes, he attempted suicide on two occasions while incarcerated in Lancaster County, Nebraska, by setting fires in his cell. The crux of Rayes's argument is that he should not have been held responsible for the acts of arson because he set the fires in an attempt to kill himself. Claim Two is time barred.

Rayes's judgment of conviction became final before the effective date of the AEDPA. Therefore, he had one year from April 24, 1996, or until April 24, 1997, to seek federal habeas corpus relief. Here, it is undisputed that Rayes filed his petition for federal habeas relief more than one year from this date. The questions the Court must consider in this case are whether the limitations period may be subject to equitable tolling, and whether Rayes may be excused from the procedural bar of the statute of limitations under the miscarriage of justice exception.

   **1.      Equitable Tolling**

Here, the Court asks whether an extraordinary circumstance prevented Rayes from filing his petition on time in this Court. Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006).

Rayes argues he has been "trying to appeal [his] arson case from shortly after [he] was released from the control unit in 1996," but he has been unable to do so because prison officials do not allow him to keep all of his paperwork in his cell. Rayes alleged that "any time [he] would put together enough paperwork" to file an appeal or a civil complaint, a prison safety inspector would inform him his papers were a fire hazard. Thus, many of his papers are kept in the prison's property control unit, which he cannot access. (Filing No. 17 at ECF 5–6.)

Rayes's argument is unpersuasive. He filed a habeas corpus petition challenging his arson convictions *more than 20 years* after his conviction. He offered no explanation for how his limited access to paper records impeded his ability to file his habeas corpus petition sooner. Thus, the Court finds that Rayes failed to show he pursued his claims with diligence and he has not demonstrated the applicability of equitable tolling.

### 2. Actual Innocence

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception. A habeas petitioner, who seeks to overcome the statute of limitations upon a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 329.

Rayes argues he is actually innocent of the arson convictions because he was insane or suffered from diminished capacity at the time he set the fires. Specifically, Rayes argued one of his prescribed medications—Darvon—led him to attempt suicide by setting the fires. Rayes alleges that in 2011, he saw a "[t]elevision advertisement by attorneys at law [that] said that heart attacks and suicides are found to be caused by [Darvon]." (Filing No. 1 at ECF 9.)

Rayes presented no new, reliable evidence of actual innocence in this case. He provided no reliable evidence, such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," *Schlup*, 513 U.S. at 324, to demonstrate his claim's credibility. Moreover, there is no indication that Rayes's motive in setting the fires (i.e, an attempt at suicide) is new information; indeed, Rayes argued that, during the state court proceedings, he "knew [he] was on medications proscribed [sic] by a Doctor of Psychiatry" and he attempted to gather "information to substantiate that [he] was crazy to be trying to kill [himself] and not a criminal . . . ." (Filing No. 1 at ECF 7.) In addition, Rayes alleged he submitted a motion to the Court based on "Diminished Capacity case law." (Filing No. 1 at ECF 7–8.)

Rayes did not present this Court with new, reliable evidence that shows it was more likely than not that no juror acting reasonably would have voted to find him guilty of arson. In addition, Rayes identified no extraordinary circumstance that prevented him from filing a habeas corpus petition in this Court within the limitations period. In addition, there is no basis upon which the Court may excuse his failure to comply with AEDPA's statute of limitations. Accordingly, he is not entitled to relief on this claim.

## C. Claim Three

Rayes argues in Claim Three that state officials violated his due process rights when they deprived him of earned good-time credits. The appropriate vehicle for a state prisoner who is directly attacking the length of his confinement and seeking restoration of his good-time credits is a petition for writ of habeas corpus, which requires exhaustion of state remedies before coming into federal court. *Offet v. Solem*, 823 F.2d 1256, 1257 (8th Cir. 1987).

Here, Respondents argue the claim is procedurally defaulted because Rayes did not exhaust his state remedies in Nebraska's state courts pursuant to the Administrative Procedure Act and he is now barred from doing so. (Filing No. 30 at ECF 9–11.) Rayes does not dispute Respondents' contention that he failed to present his claim in Nebraska's state courts and Rayes offers no explanation for why he failed to exhaust the claim in Nebraska's state courts. Therefore, the Court finds that Claim Three is procedurally defaulted and Rayes has not shown cause and prejudice to excuse the default of the claim. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (stating that a claim that has been procedurally defaulted in the state courts will not be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default or, in the alternative, that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim).

## IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1);

Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Rayes has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised in Rayes's petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability in this case. Accordingly,

IT IS ORDERED that:

1. The Petition for Writ of Habeas Corpus (Filing No. 1) is dismissed with prejudice.

2. The Court has construed Rayes's "Motion for Summary Judgement [sic] of Habeas Corpus Motion" (Filing No. 31) as a brief filed in response to Respondents' answer and brief. The clerk of the court is directed to term the motion event associated with the filing.

3. The Court will enter a separate judgment in accordance with this Memorandum and Order.

4. The Court will not issue a certificate of appealability.

DATED this 28th day of September, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge